# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY ROSS BLACK,<br><br>            Petitioner,<br>   v.<br>RENEE BAKER, et al.,<br><br>            Respondents. | Case No. 3:05-cv-00316-HDM-CLB<br><br>**ORDER** |

This closed habeas matter is before the Court on Petitioner Anthony Ross Black's Motion for Relief From Judgment Under Rule 60(b) (ECF No. 69), Motion for Appointment of Counsel (ECF No. 70), and Motion for This Court's Powers in Equity (ECF No. 71). For the reasons discussed below, Black's motions are denied.

**BACKGROUND**

This habeas action challenged Black's conviction and sentence by the Eighth Judicial District Court ("state court") for Clark County, Nevada, in *State of Nevada v. Black*, Case No. 97C145210. The judgment of conviction was entered February 16, 1999.

On June 23, 2008, this Court denied Black's petition for writ of habeas corpus on its merits and determined he was not entitled to a certificate of appealability.[1] (ECF No. 37 ("merits order").) Judgment was entered the following day. (ECF No. 38.) Black subsequently filed a motion to alter or amend the judgment (ECF

---

[1] The petition was adjudicated as a continuation of Black's first habeas action in 3:03-cv-00292-HDM-WGC ("2003 case"). (*See* ECF No. 37 at 12; 2003 case, ECF No. 46 at 12.) For clarity and ease of understanding, this order refers only to the instant case, 3:05-cv-0316-HDM-CLB ("2005 case").

1

No. 47), which was denied (ECF No. 52). The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability in July 2009. (ECF No. 50.)

In September 2009, Black filed a notice of appeal (ECF No. 52) and a motion for certificate of appealability (ECF No. 56) as to the order denying the post-judgment motion to alter or amend the judgment. Both this Court and the Ninth Circuit denied a certificate of appealability (ECF Nos. 58, 60).[2]

In January 2013, Black filed a new habeas action in 3:13-cv-00049-MMD-VPC ("2013 case"). The Court found that the 2013 case presented a second or successive petition as defined in 28 U.S.C. § 2244(b), and referred the action to the Ninth Circuit. 2013 case, ECF No. 6. The Ninth Circuit denied Black's application to file a second or successive petition. 2013 case, ECF No. 8.

In March 2016, Black submitted a letter in the 2003 case, which the Court construed as a motion for relief from judgment. 2003 case, ECF Nos. 59, 61. The Court denied the motion and a certificate of appealability. 2003 case, ECF No. 60. The Ninth Circuit also denied a certificate of appealability. 2003 case, ECF No. 63.

In June 2019, Black filed another habeas action in 3:19-cv-0313-MMD-WGC ("2019 case"). The Court dismissed the 2019 case without prejudice for lack of jurisdiction because Black presented a second or successive petition and failed to show that he received authorization to do so from the Ninth Circuit. 2019 case, ECF

---

[2] The docket also indicates that the United States Supreme Court denied Black's motion to file an untimely petition for writ of certiorari in October 2011. (ECF No. 61.)

No. 3 ("dismissal order"). As a result, the dismissal order also denied Black's miscellaneous motions, including a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure attached to the second or successive petition.[3] The Clerk of Court then entered judgment. 2019 case, ECF No. 5.

In response to the dismissal order, Black filed a "Prayer for this Court's Powers of Equity," 2019 case, ECF No. 6, which the Court construed as a motion for relief from judgment in the 2019 case pursuant to Rule 59(e). The Court reaffirmed the dismissal order, but directed the Clerk of Court to file the Rule 60(b) motion in the instant 2005 case. 2019 case, ECF No. 7. The Court further stated:

> The Court notes in particular that it denied the Rule 60(b) motion in this case on the sole ground that it lacked jurisdiction over the action and that it made no finding with respect to whether the Rule 60(b) motion is a true Rule 60(b) motion or whether it is a disguised second or successive petition. The latter consideration is left to the Court in Case No. 3:05-cv-316-HDM-[CLB].

*Id.* at 2.

With this procedural history in mind, the Court will address Black's pending motions.

**DISCUSSION**

"Rule 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances'." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "In the habeas context, Rule 60(b) applies to the extent that it is not inconsistent with the Anti-Terrorism and Effective Death

---

[3] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

Penalty Act ('AEDPA')." *Id.* at 984 (noting that "AEDPA poses significant hurdles for a Rule 60(b) petitioner") (citing *Gonzalez*, 545 U.S. at 529). As relevant to this case, Rule 60(b) allows the court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4).[4]

In his motion for relief from judgment (ECF No. 69), Black argues that the merits order is void pursuant to Rule 60(b)(4). He contends that the state court failed to resolve a particular claim ("Ground 4, No. (8)") in its order denying his state petition for writ of habeas corpus seeking post-conviction relief. Because the state court's order failed to resolve all of Black's federal claims, he asserts that the order was not final or appealable and the state court did not relinquish jurisdiction over his federal claims. Black argues that, because the state court has continuing jurisdiction, this Court lacked jurisdiction to enter the merits order in June 2008 and the resulting judgment is therefore void.

Black's motion lacks merit. In June 2004, this Court found that multiple grounds for relief were unexhausted, including Ground 4, No. (8). 2003 case, ECF No. 33. Black decided to return to state court to exhaust those claims. 2003 case, ECF Nos. 34–38. However, his second state petition only presented some of the unexhausted claims, and Ground 4, No. (8) was not one of them.

---

[4] "A Rule 60(b) motion is proper when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings'." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 532). However, a petitioner's Rule 60(b) motion "constitutes a second or successive petition if it 'seek[s] leave to present newly discovered evidence in support of a claim previously denied'." *Id.* (quoting *Gonzalez*, 545 U.S. at 531). The Court finds that Black's motion, while meritless, does not constitute a second or successive petition.

4

(merits order, ECF No. 37 at 11:2–13.) The merits order specifically finds that Black waived all of the claims he failed to present in this second state petition, including Ground 4, No. (8). (*Id.*) Because he waived this claim long ago, his current motion is without merit.

Moreover, the motion is untimely. Rule 60(c) states that a motion for relief from judgment under Rule 60(b)(4) must be filed "within a reasonable time." Judgement was entered here in June 2008. Black filed his motion nearly 11 years later in June 2019. Waiting more than a decade to challenge the judgment as void is patently unreasonable. Accordingly, the Court denies all pending motions.

**IT IS THEREFORE ORDERED:**

1. Petitioner Anthony Ross Black's Motion for Relief From Judgment Under Rule 60(b) (ECF No. 69), Motion for Appointment of Counsel (ECF No. 70), and Motion for This Court's Powers in Equity (ECF No. 71) are **DENIED.**

2. To the extent required, a certificate of appealability is **DENIED** as reasonable jurists would not find this Court's disposition of Black's motions to be debatable or incorrect.

DATED: February 10, 2020.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE